BOLIN, Judge.
Plaintiff, a peach grower in North Louisiana, brought action to recover damages for the loss of 50 peach trees and the crop from some 300 others during the season of 1965. In an effort to control bacteriosis in his orchard plaintiff dusted the trees with Nu-Z, a compound sold and manufactured by two of the defendants, which compound caused the loss of the trees and fruit. Made defendants are FMC Corporation, *629 from whom plaintiff purchased the product, and its insurer Liberty Mutual, the Tennessee Corporation, manufacturers and packagers of the product and its insurer, Hartford Accident and Indemnity Company. From judgment in the sum of $4,600 in favor of plaintiff and against defendants in solido the latter appealed.
There is no dispute about the facts above stated. The controversy centers around the circumstances connected with the procuring of the product and its subsequent application in full strength with dusting apparatus. Plaintiff contends he relied upon the recommendation of Mr. Darling, representative of FMC, that he could obtain a compound to combat bacteriosis but that at the time the warehouse was out of the particular product. A few weeks later plaintiff went to the warehouse, talked to a Mr. Rhine-hart and together they found stored there the Nu-Z; plaintiff purchased twenty 50-pound bags of the substance and at 2 a. m. the following morning commenced dusting his trees. Upon being apprised by Mr. Rhinehart that Larance had purchased the Nu-Z for dusting Mr. Darling rushed out to plaintiff’s orchard and told him the product was too strong to be used as an undiluted dust and supervised and aided Larance in washing the trees so dusted in an effort to remove the Nu-Z. Despite these efforts 50 trees died and the crop from 300 trees was a loss.
It is the contention of Niagara — FMC Corporation that it sold sacks of Nu-Z in the ordinary course of commerce and in bulk form in the original packages; that Mr. Larance purchased the product without requesting information as to how it should be applied to his orchard and that the product was not a poison or a dangerous chemical when properly used. On the basis of these contentions FMC denies liability. Alternatively, Niagara— FMC contends if there was any defect in the product or in its labeling that Tennessee Corporation is solely liable, and that Hartford Accident & Indemnity Company, its products liability insurer, is responsible for such liability. Niagara — FMC asserts the policy issued by 'Hartford contains a provision that the coverage shall include vendors of the product other than Tennessee Corporation, and therefore this policy affords coverage for any legal liability of Niagara — FMC.
The Tennessee Corporation and its insurer assigned as errors allegedly committed by the trial court the following:
I. In refusing to give validity to the stipulation printed on each bag of the product disclaiming warranty for improper use.
II. In refusing to apply the principles of tort law in the absence of privity of contract where the product was not inherently dangerous.
III. In failing to find that the plaintiff was guilty of contributory negligence in not checking the proper use of the nutritional zinc after reading the stipulation on the bag disclaiming warranty for improper use.
Defendants assert the Nu-Z is plainly labeled as Nutritional Zinc, intended as fertilizer, which they contend should have placed plaintiff on guard against using it as a fungicide. Examination of the paper bag, introduced into evidence by the manufacturer, shows the bag to be labeled as follows:
“50 POUNDS NET
NU-Z NUTRITIONAL ZINC (spray or dust)
REQUIRES NO LIME
TENNESSE CORPORATION”
There follows a guaranteed analysis, showing 52% zinc in the form of zinc oxysul-fate, ZnO equivalent of 64.72%, free moisture not more than 2.50% and the warning “not for drug use.” At the bottom of the bag there is a statement it is manufactured by the Tennessee Corporation, East Point, *630 Georgia, under Patent No. 2,602,727 and a guarantee as follows:
“The seller guarantees the material sold to be true to label. Further than that it makes no representation or warranty, and it shall not be held responsible for any injury from the use or handling of said material whether used in accordance with directions or not. Climatic and soil conditions and other factors beyond the seller’s control having much to do with results, the buyer accepts and uses this material subject to above terms.”
There are, on the label, no instructions nor directions for use other than the words quoted in parentheses, spray or dust.
The trial judge, in his written reasons for judgment, made a comprehensive review of the facts which convinced him the actions of Mr. Darling led plaintiff to conclude the Nu-Z was ordered and placed in the warehouse for his use; that he was further led to believe this product was that customarily used as a fungicide by the peach growers in the vicinity; that FMC (through its agents) failed properly to warn Larance the dust could not be used undiluted. He concluded all of these actions amounted to negligence causing or contributing to plaintiff’s loss. The court further concluded the Tennessee Corporation was aware, or.should have been, that peach growers in Lincoln Parish were using Nu-Z as a fungicide, rather than as a fertilizer, and the statement on each bag that the product could be “sprayed or dusted” caused Larance to conclude it could be safely dusted undiluted and therefore held the Tennessee Corporation and its insurer solidarily liable.
We have examined 75 A.L.R.2d 39, 82, cited by appellants, which deals only with the necessity for privity of contract between the manufacturer and the ultimate user or person damaged. We consider the question of privity irrelevant in the instant case since it appears to be agreed by all parties that the action was predicated on the alleged tortious conduct of both the dealer and the manufacturer. We have also read with interest the testimony of the witnesses and the booklets and actual containers of Nu-Z filed in the case. Nothing in the record nor in the three Louisiana cases cited discloses any error in the lower court’s judgment.
From this examination we conclude that FMC Corporation and the Tennessee Corporation were both derelict in their duty to sufficiently print or disseminate instructions concerning the proper use of Nu-Z, which if applied full strength was calculated to damage property, and are therefore liable with their insurers, in solido, to plaintiff. The judgment is affirmed at appellants’ cost.
Affirmed.